# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| BUMP BOXES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.  1:19-cv-1385 |
| LUIS LICEA, | ) ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 6). Plaintiff has responded (Doc. 12). Defendant has requested to file a reply (Doc. 13), but his request is DENIED for the reasons stated herein. The motion to dismiss is therefore ripe for review. For the reasons stated herein, Defendant's Motion (Doc. 6) is GRANTED.

### BACKGROUND[1]

Plaintiff Bump Boxes, Inc., is a corporation incorporated in Illinois with its principal place of business in Illinois. It sells subscription boxes—recurring packages—containing products for pregnant persons and those with newborns. The sole way to order these subscription boxes is through Plaintiff's website, www.bumpboxes.com.

---

[1] Due to the posture of the case, all facts are drawn from the Complaint (Doc. 1) unless otherwise stated.

Defendant Luis Licea, a California citizen, is visually impaired. In order to access Internet content, he uses a screen reading application. He, or his agent, used an auto-testing tool called Wave to access Plaintiff's website. Plaintiff alleges Defendant was not actually considering or seeking to purchase a subscription box, but rather attempts to access websites and then sues if he discovers an impediment, evidenced by his numerous other lawsuits. An attorney for Defendant—not one appearing for him in this matter—sent a demand letter to Plaintiff claiming its website violated the Americans with Disability Act (ADA), 42 U.S.C. § 12101, *et seq*. This, in turn, would be a violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51(f), a California law.

Through attorneys, the parties briefly corresponded between November 25 and November 29, 2019. (Docs. 1-1 and 1-2). On December 3, 2019, Plaintiff filed suit in this District under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it had not violated the ADA or the Unruh Act. On December 11, 2019, Defendant sued Plaintiff in California court. (Doc. 10-1). However, the California court appears to have dismissed that action for lack of personal jurisdiction over Bump Boxes, Inc. (Doc. 12-10). The Court understands the time to appeal that decision has not expired. Defendant moved to dismiss this action, arguing the Court lacks personal jurisdiction over him, this District is an improper venue, and the Court should abstain from hearing this matter in its discretion under the Declaratory Judgment Act. Because the Court finds the personal jurisdiction argument dispositive, the other arguments are not addressed.

## LEGAL STANDARD

When personal jurisdiction is challenged, the plaintiff bears the burden of establishing it lies. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). This burden is met by showing a prima facie case when the motion is "based on the submission of written materials without holding an evidentiary hearing," as in the present case. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Under this review, any factual disputes must be resolved in the plaintiff's favor. *Id.*

## DISCUSSION

A full description of the personal jurisdiction framework may be found in the footnote,[2] but suffice to say the inquiry here boils down to one question: do Defendant's acts of accessing Plaintiff's website and directing communication to be sent on his behalf give rise to personal jurisdiction under the Fourteenth Amendment's Due Process Clause?

---

[2] Where a claim is brought under federal law, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The ADA does not authorize nationwide service, so the question becomes only whether personal jurisdiction lies under Illinois law. *Eiler v. S.D. Human Servs. Ctr.*, No. 16-cv-4665, 2017 WL 8794293, *2 (N.D. Ill. Dec. 18, 2017) (St. Eve, J.). Illinois law allows personal jurisdiction to be exercised to the fullest extent allowed by the United States and Illinois Constitutions. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). In the absence of any argument premised on the Illinois Constitution's due process protections differing, only the United States Constitution need be discussed. *Id.*; *see also Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017).

The analysis of specific personal jurisdiction[3] has three parts:

> First, the defendant's contacts with the forum state must show that it purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (citations and internal quotation marks omitted; alterations in original).

Defendant argues this Court lacks personal jurisdiction because he is a California resident, has no prior contacts with Illinois, and accessed Plaintiff's website in California. (Doc. 6 at 11). Plaintiff responds Defendant "reached out through the [I]nternet to acces[s] a website created, run, maintained, and offered by [Plaintiff] in this District" and "repeatedly directed communications into this District to shake down" Plaintiff. (Doc. 12 at 4).[4]

---

[3] The contacts necessary under the United States Constitution to establish the propriety of personal jurisdiction may be either general or specific. *Tamburo v. Dworkin*, 601 F.3d 693, 701–02 (7th Cir. 2010). However, Plaintiff does not assert general personal jurisdiction here, and wisely so in the Court's view. For general personal jurisdiction to lie, "the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Id.* at 701. But here no allegations or evidence establish Defendant had any contacts with Illinois unrelated to this case. Accordingly, the standard set forth addresses solely specific personal jurisdiction under the United States Constitution.

[4] In his proposed Reply (Doc. 13-3), Defendant takes issue with Plaintiff's arguments and citations. "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues" in the course of briefing; "the Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, or to rehash the arguments made in the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). Here, Plaintiff set forth its view of the underlying facts supporting personal jurisdiction with admirable clarity in its Complaint (Doc. 1 at 2–3). Nothing in Defendant's proposed Reply could not have

"The weight of authority among the courts of appeal is that minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 n.3 (3d Cir. 1998); *see also Coté v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) (holding a "handful of letters and phone calls" were insufficient to establish personal jurisdiction).[5] And merely maintaining a website accessible by residents of the forum state is insufficient to subject the entity maintaining the website to personal jurisdiction in that forum. *Mobile Anesthesiologists Chi., LLC*, 623 F.3d at 446. The Court sees no reason that the converse—merely accessing a website maintained by a resident of the forum state—would satisfy the constitutional requirements of due process.

Plaintiff cites *Jack Henry & Associates, Inc. v. Plano Encryption Technologies LLC*, 910 F.3d 1199 (Fed. Cir. 2018), arguing it is analogous. Although the brunt of the analysis in that case focused on the third prong of the analysis, the Federal Circuit also recognized under its precedent "the sending of a letter that forms the basis for the claim may be sufficient to establish minimum contacts" in the context of patent infringement actions. *Id.* at 1204–06. An examination of this precedent explains the analysis in *Jack Henry & Associates*.

---

been reasonably anticipated and argued in his original memorandum. Therefore, his request to file a reply is denied.

[5] At least one communication was by email here, but email "is similar to mailed letters or telephone calls, so the emails are properly considered as contributing to [a defendant's] minimum contacts with the forum state" where sent to a resident of the forum state. *Felland v. Clifton*, 682 F.3d 665, 676 n.3 (7th Cir. 2012).

> This court has acknowledged that the defendant purposefully directs his activities at residents of the forum when the defendant sends a cease and desist letter to a potential plaintiff in that particular forum. And a subsequent declaratory judgment action by that potential plaintiff "arises out of or relates to" the defendant's activity—namely, the cease and desist letter. Under the third part of the test, however, this court has held that it is improper to predicate personal jurisdiction on the act of sending ordinary cease and desist letters into a forum, without more.

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037–38 (Fed. Cir. 2017). The *Jack Henry & Associates* court concluded the defendant in that case had engaged in additional conduct allowing specific personal jurisdiction to lie. 910 F.3d at 1206.

The Court does not believe *Jack Henry & Associates* applies here, and Federal Circuit precedent is not binding in this matter regardless. But because the Federal Circuit had already held letters constituted minimum contacts, the only prong left was the third: whether exercising personal jurisdiction comported with traditional notions of fair play and substantial justice. In that respect, the business model of the defendant (solely pursuing alleged intellectual property violations), coupled with the extensive activities in the forum district, allowed personal jurisdiction to lie. *Id.* at 1205–06. Even if this Court agreed correspondence necessarily generated minimum contacts, *Jack Henry & Associates* would be distinguishable due to the sheer volume of correspondence by the defendant there. *See id.* at 1204 (stating the defendant sent "charges of infringement to at least eleven banks conducting banking business" in the forum).

Moreover, under *Coté*—binding precedent—the mere exchange of correspondence is insufficient. And accessing a website that happens to be

maintained in a would-be forum state cannot suffice. That is essentially all that happened here. It is true Defendant made these contacts solely to attempt to get a payout from an Illinois business. But the mere fact Plaintiff is an Illinois resident does not mean Defendant subjected himself to personal jurisdiction here. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). As the *Coté* court put it, "[p]ersonal jurisdiction over nonresidents of a state is a quid for a quo that consists of the state's extending protection or other services to the nonresident." 796 F.2d at 984. Defendant received no benefits from Illinois. The Court must conclude personal jurisdiction is lacking over Defendant and dismiss this matter.

## Conclusion

Defendant's Motion to Dismiss (Doc. 6) is GRANTED. This case is dismissed without prejudice for lack of personal jurisdiction over Defendant. The matter is terminated.

SO ORDERED.

Entered this 2nd day of April 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
